# H. M. ROWE COMPANY *v.* GEORGE HART ROWE.

# GEORGE HART ROWE *v.* JEANNETTE S. ROWE, EXECUTRIX.

[Nos. 6, 52, January Term, 1928.]

*Decided April 4th, 1928.*

The causes were submitted on briefs to BOND, C. J., PATTI-SON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles F. Harley* and *Michael James Manley,* for the H. M. Rowe Company and Jeannette S. Rowe, executrix.

*George Ross Veazey* and *R. E. Kanode,* for George Hart Rowe.

SLOAN, J., delivered the opinion of the Court.

We have here two appeals and two records in the same case. The first is on an order overruling the appellant's demurrer to the appellee's bill. The second is the plaintiff's (appellee in the first case) appeal from an order overruling his demurrer to the petition filed by the executrix of H. M. Rowe, Sr., deceased, to intervene as a party defendant in the suit. In the second case the appellee filed a motion to dismiss the plaintiff's appeal on the ground that the order of the court making the executrix a party is interlocutory and not final and therefore not appealable.

The bill states that "the defendant, the H. M. Rowe Company, is a body corporate of the State of Maryland, with general offices in the City of Baltimore, where said corporation is engaged in the publication of educational text books and commercial school publications, and that on or about April 3, 1925, the said The H. M. Rowe Company issued to your petitioner a certificate for two hundred and fifty (250) shares of the capital stock of the said company and that your petitioner is today the rightful owner of said shares, but that the certificate therefor is withheld by the

defendant company, has been wrongfully cancelled by the defendant company, and that said company has refused upon demand to issue to your petitioner a new certificate therefor." The bill further alleges that the certificate of stock was delivered to the appellee by his father, Harry M. Rowe, Sr., the then president of the appellant company, who gave it to the appellee because he would not receive anything under the father's will; that at his father's request the appellee signed the stub of the stock book and thereby indicated his acceptance of the certificate, and that the appellee then re-delivered the certificate, unendorsed, to his father for safe keeping; that the father died May 9th, 1926, after which the appellee learned that the appellant had destroyed his unassigned certificate by mutilating the signatures thereon, and caused the same to be inserted in the stock book as a cancelled certificate, and that though demand has been made therefor, the corporation has refused to issue to the appellee a new certificate in lieu of the one destroyed. Wherefore the appellee prays a decree directing the issue to him of a certificate for two hundred and fifty shares of stock as of April 3rd, 1925, an accounting of dividends and profits, and for general relief.

It is further alleged that the number of shares of stock authorized by the certificate of incorporation of the H. M. Rowe Company is seven hundred and fifty, and that certificates for this number have been issued and are outstanding on the books of the company, all to H. M. Rowe, Sr., except thirty shares; that of the shares standing on the books of the company in the name of H. M. Rowe, Sr., the certificates for two hundred and fifty shares have been endorsed to Jeannette S. Rowe, two hundred and fifty to Jeannette S. Rowe, trustee for Portia Rowe, and two hundred and twenty endorsed in blank.

In her petition to be made a party defendant, Jeannette S. Rowe, executrix of Harry M. Rowe, Sr., says that "there is no way to accomplish the relief sought by said bill save and except by taking away said stock, or all except thirty shares thereof, from the estate of her testator" and that "the

bill of complaint shows that the defendant corporation has issued all the stock that it is authorized to issue; and that there is no way to get the stock sought by this bill except from her testator's estate."

Equity provides the remedy to compel the issuance of stock wrongfully withheld. *Marbury v. Ehlen,* 72 Md. 206; *Baltimore Retort & Fire Brick Company v. Mali,* 65 Md. 93; *Hughes v. Drovers' Bank,* 86 Md. 418; *Colmary v. Crown Cork & Seal Co.,* 124 Md. 476; *Bloede Co. v. Bloede,* 84 Md. 129; *Miller's Eq. Proc.,* sec. 48. In such a case the corporation is not only a necessary, but is the indispensable party. *Miller's Eq. Proc.,* sec. 48; *St. Louis & S. F. R. Co. v. Wilson,* 114 U. S. 60, 62; *Kendig v. Dean,* 97 U. S. 423; *Baltimore Retort & Fire Brick Co. v. Mali, supra.*

The question presented to us in the first of the appeals is whether the executrix of H. M. Rowe, Sr., is a necessary party. The rule as stated in *Daniel's Chanc. Pl. & Pr.* (6th Am. Ed.) 190, is: "It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. For this purpose, all persons materially interested in the subject ought generally, either as plaintiffs or defendants, to be made parties to the suit or ought, by service upon them of a copy of the bill, or notice of the decree, to have an opportunity afforded of making themselves active parties in the cause if they should think fit." In *Miller's Eq. Proc.,* sec. 20, it is said: "In determining who should be parties to a suit, courts of equity are guided by two leading principles. The first is fundamental and based upon natural justice, that no decree respecting the life, liberty or property of any person, shall be made unless that person have due notice of the suit and opportunity to be heard. The second is a principle based upon experience and is peculiar to courts of equity; that is, that in order to prevent multiplicity of suits and to do complete justice and not by halves, the decree should em-

brace a settlement of all the rights of all the parties interested, so that the matters in controversy may be finally settled." See also *Whitman v. United Surety Company,* 110 Md. 421, 427, and cases there cited.

In this case it is apparent that, if the plaintiff should prevail in his contention against the H. M. Rowe Company, the company would in turn, if the allegations of the bill are true, have an action against the executrix of H. M. Rowe, Sr., and in order to avoid further litigation it is desirable that all the matters in controversy between the plaintiff and defendant and the estate of Harry M. Rowe, Sr., deceased, be settled, as they can be here.

This case has much in common with *Kendig v. Dean,* 97 U. S. 423. Kendig owned stock in the Memphis Gas Light Company. Dean had gotten in control of the company and proceeded to ignore Kendig and issued to himself a certificate for the number of shares of stock in Kendig's name, though Kendig held his original certificate. Kendig filed a bill against Dean, to which the company was not a party, to restore his rights and status in the company. Justice Miller, who wrote the opinion, said: "Suppose that the court had rendered a decree in the exact language asked for. * * * The court would find itself in the position of having made a decree it could not enforce, of attempting to give a relief which is beyond its power, because the party whose action was necessary to that relief was not a party to the suit. On the other hand, if the (gas light) company had been a party to the suit, and the complainant had sustained the allegations of his bill by proofs, the company could have been compelled to restore plaintiff to the ownership of the stock on its books, and to treat him in future as one of its stockholders, and the decree would have bound both Dean and the company." If it is apparent from the allegations of the bill of complaint that others than those made parties have rights and interests which should be adjudicated in the proceedings, the omission is a cause for demurrer. *Daniel Chanc. Pl. & Pr.* (6th Am. Ed.), 558; *Miller's Eq.*

604

*Proc.,* sec. 134; *Whitman v. United Surety Co.,* 110 Md. 421, 426.

From what we have said and from what appears upon the face of the bill, the estate of Harry M. Rowe, Sr., had such an interest in the subject matter of the suit as to entitle the defendant to have his executrix made a party defendant, and the demurrer should have been sustained.

In the second appeal, the order directing the appellee, executrix of Harry M. Rowe, Sr., to intervene as a defendant, is interlocutory, not final in its nature, and is, therefore, not appealable. *Waverly Building & Loan Assn. v. Buck,* 64 Md. 338, 342; *Stockham v. Knollenberg,* 133 Md. 337, 341; Code, art. 5, secs. 30, 31.

> *Order in No. 6 reversed; appeal in No. 52 dismissed; appellee to pay costs in No. 6, appellants to pay costs in No. 52; and case remanded for further proceedings.*