DOUGLAS *v.* FRIEDEL, Executor

[No. 147, September Term, 1957.]

*Decided March 3, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Murray MacNabb* for the appellant.

*George L. Clarke,* with whom were *George W. White, Jr.,* and *Buckmaster, White, Mindel & Clarke* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal by Lottie H. Tatem Douglas (Douglas) from a decision of the Superior Court of Baltimore City, which affirmed an order of the Orphans' Court of Baltimore City, dated March 27, 1957, and dismissed the petition, filed by Douglas after the statutory period of limitations for the filing by her of a *caveat* had run (Article 93, sec. 372, Code (1951)), to intervene in the *caveat* proceeding previously instituted by Freda Blankman (Blankman) in the estate of William A. Tatem (Tatem), deceased.

Tatem's last will and testament, dated June 28, 1955, which appointed Gilbert I. Friedel (Friedel) as executor, was admitted to probate on July 11, 1955; and Friedel duly qualified as such on that date. For purposes of this statement of facts, Tatem's June 28, 1955, probated will is referred to as the "Friedel Will." On July 10, 1956, almost a year after probate of the "Friedel Will," Blankman filed a *caveat* on the usual grounds alleging that *"Caveator's* Exhibit No. 1," hereafter called the "Blankman Will," which was attached to the *caveat,* was the "true" will of Tatem. Disposition of the Blankman *caveat* is still pending.

On October 9, 1956, almost fifteen months after the probate of the "Friedel Will," Douglas filed a petition giving notice of an intention to file a *caveat* to the "Friedel Will," and seeking a revocation of the probate of that will and of Friedel's appointment as executor. On October 23, 1956, Friedel filed an answer and a motion to dismiss the Douglas petition on the ground, among others, that Douglas' proposed *caveat* was barred by the one year Statute of Limitations prescribed by statute (this statute has now been changed). On

14

October 30, 1956, Douglas filed a petition for leave to intervene in the Blankman *caveat*, in which she stated that she was Tatem's daughter "by adoption" and also a beneficiary under a prior will of Tatem, dated January 23, 1923, hereafter called the "Douglas Will." In the same petition, which was under oath, Douglas stated that she desired to "adopt the charges" made in the Blankman *caveat* which, as indicated, "charged" that the Blankman will, under which Douglas takes nothing, is the "true Last Will and Testament of the said William A. Tatem."

On November 8, 1956, Friedel again filed an answer and a motion to dismiss Douglas' petition for leave to intervene, and, after a hearing thereon and on the earlier motion to dismiss Douglas' petition giving notice of intention to *caveat*, the Orphans' Court of Baltimore City passed an order, on March 27, 1957, dismissing the Douglas petitions on the grounds: (1) that the time for her to file a *caveat* expired prior to the filing of the petitions and that the petition for leave to intervene in the Blankman *caveat* "was an attempt to avoid, by intervention, the provisions of Article 93, Section 372"; and (2) that by adopting the charges made in the Blankman *caveat*, Douglas "demonstrated her lack of interest in these proceedings." On March 28, 1957, the day after the Orphans' Court dismissed her petitions, Douglas filed the Douglas will (*i. e.*, Tatem's will of January 23, 1923) in which Tatem referred to Douglas as his stepchild "Lottie H. Douglas." On the same day, Douglas appealed from that part of this order which dismissed her petition to intervene to the Superior Court of Baltimore City pursuant to the provisions of Section 69 of Article 5 of the Code (1951), and, after a hearing before Judge Allen, the action of the Orphans' Court was affirmed on the ground that there had been no abuse of discretion by the Orphans' Court in not permitting Douglas to intervene. From that ruling, this appeal has been taken.

We find no error in the ruling of Judge Allen. Where a proceeding is *in rem* and the ultimate decree will finally determine some interest, claim, or property right of the petitioner, the petitioner has a right to intervene, *Conroy v. Agri-*

*cultural Ass'n,* 165 Md. 494, 502, 503, 169 A. 802; but, generally, the privilege of intervening is within the discretion of the trial court, measured in the light of the intervenor's interest in the subject matter of the suit and the issues raised by the proceedings. However, the exercise of this discretion is reviewable upon appeal if it amounts to an abuse thereof by the trial court. *Nyburg v. Solmson,* 205 Md. 150, 156, 106 A. 2d 483. We think it calls for no extended discussion to show that the appellant's request to intervene in the present case is purely and simply an attempt to accomplish by indirection something she cannot achieve directly. If she desired only to assist in attacking the "Friedel Will" and could show an interest under the "Blankman Will," a question would be presented that is not involved in this appeal; but, what she really desires to do is: first, to prevent any settlement between the parties under the present *caveat* proceedings; and, second, to establish the invalidity of the "Friedel" and "Blankman" wills and the validity of the "Douglas Will." The time for her to *caveat* the "Friedel Will" by her personal *caveat* had expired without her doing so, and she is unable to show any interest under the "Blankman Will." Under these circumstances, it is apparent that she has no such interest as to permit her, as a matter of right, to intervene in Blankman's *caveat* proceedings, *Bauer v. Hamill,* 188 Md. 553, 563, 53 A. 2d 399; *Martien v. Crystal,* 137 Md. 166, 168, 169, 111 A. 820; cf. *Blake v. Blake,* 159 Md. 539, 540, 543, 150 A. 861; and the trial court did not abuse its discretion in refusing to permit her to intervene, after the period allowed by the Statute of Limitations for a personal *caveat* by her, in an attempt to circumvent the Statute. Cf. *Nyburg v. Solmson, supra,* 205 Md. 158; *Windsor Hills Imp. Ass'n v. Baltimore,* 195 Md. 383, 394, 73 A. 2d 531. We therefore conclude the action of the trial court was clearly justified and well within the exercise of its sound discretion.

*Order affirmed, with costs.*