## MONTGOMERY COUNTY, MARYLAND *v.* SUPERVISOR OF ASSESSMENTS OF MONTGOMERY COUNTY ET AL.

[No. 218, September Term, 1974.]

*Decided May 26, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*H. Christopher Malone, Assistant County Attorney,* with whom were *Richard S. McKernon, County Attorney,* and *Robert G. Tobin, Jr., Deputy County Attorney,* on the brief, for appellant.

*James R. Trimm,* with whom were *Trimm, Donohue, McDonald, Willis & McGuckian* on the brief, for Edmund G. & K. B. Warther et al., part of appellees. No brief filed on behalf of other appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant Montgomery County, Maryland (the County) has appealed from an order of the Maryland Tax Court affirming an assessment of appellees' real property by the Appeal Tax Court of Montgomery County; the County claims that the Tax Court erred in not granting it a hearing after permitting it to intervene in the case as a party.

The relevant facts are these: in August, 1972, the Supervisor of Assessments for Montgomery County assessed appellees' real estate at $328,820. The appellees sought review of this decision in the Appeal Tax Court which, in March, 1973, reduced the assessment to $221,860. In April, 1973, the Supervisor and appellees each filed a petition for appeal in the Maryland Tax Court. On February 4, 1974, two days before the hearing scheduled in the Tax Court, Montgomery County filed a petition to intervene, claiming it had a direct and substantial interest in the case and would be affected by the outcome.[1] The County alleged that the action of the Appeal Tax Court in reducing the assessment was "arbitrary, capricious, illegal and erroneous, and was contrary to fact and law." The appellees opposed the petition

---

1. In a pleading subsequently filed in support of its petition, the County asserted that its intervention was neither cumulative or repetitive of the position taken by the Supervisor; that the Supervisor was a State officer and because the County received 90 percent of the revenues from real estate taxes, it had a "greater stake" in the case than the State and was entitled to be a party to the proceeding; and that if the reduced assessment were affirmed, the taxpayers of the County would necessarily be required to pay higher taxes.

to intervene, claiming that it was untimely and that they would be severely prejudiced by the intervention. The Tax Court heard argument on the County's petition to intervene immediately prior to the scheduled hearing on the merits of the appeal; it denied the County's request on the ground that it had not filed a timely appeal pursuant to Maryland Code (1975 Repl. Vol.) Art. 81, §  256 (a). Thereafter, an evidentiary hearing was held on the merits of the appeal and the Tax Court took the case under advisement.

On March 8, 1974, the County filed an order appealing the denial of its petition to intervene. Shortly thereafter the County was notified by the Tax Court that it had reconsidered its earlier denial. On April 4, 1974, the Tax Court, over appellees' objection, entered an order permitting the County to intervene and making it "a party . . . with all rights incident thereto." On April 30, 1974, the County filed a "Petition for Hearing," alleging that it had "not had the opportunity to exercise the right given by § 229 of Article 81, to present evidence and testimony in these cases." In its petition, the County asserted:

> "The evidence and testimony to be presented by Montgomery County bears on the sole and only issue in these cases, that is the fair market value of the subject property. It does not raise any new issue in the cases. The evidence and testimony to be presented is not cumulative or repetitive of the testimony previously presented by the Supervisor of Assessments. The testimony and evidence consists of expert testimony of a professional appraiser as to the fair market value of the property, and the testimony of County officials as to the effect of the sewer moratorium. This evidence and testimony is not now in the record. This Court will not have a complete and accurate record without the presentation of this evidence and testimony by the County."

The Tax Court took no action on the County's petition for hearing. On August 21, 1974, it issued an order affirming the

assessment of the Appeal Tax Court, and this appeal followed.[2]

The County argues that the Tax Court's refusal to grant it a hearing "violated due process of law and invalidated the entire proceeding." It also contends that the Tax Court's failure to grant the County a hearing "violated Article 81, Annotated Code, and the Rules and Procedure of the Maryland Tax Court." Appellees contend that the Tax Court's reconsideration of its original denial of the County's petition to intervene constituted a mere "change of mind" and as such was an abuse of discretion. Appellees also argue that the Tax Court was correct in its initial decision to deny intervention.[3]

Under Code, Art. 81, § 229 (f), the Tax Court has "full power to hear, try and determine or remand any matter before it and may permit or require all explanations, amendments and additions to be made to any of the proceedings or pleadings, including the petition of appeal, as in its discretion shall be necessary or desirable so that the case may be properly heard and determined." Section 229 (b) authorizes the court to adopt rules of procedure relating to pleadings, notices, hearings and arguments as it may deem proper; § 229 (c) provides that proceedings before the court shall be conducted "in a manner similar to proceedings in courts of equity in this State." Section 229 (h) empowers the court

> "to assess anew, classify anew, abate, modify, change or alter any valuation, assessment, classification, tax or final order appealed from, provided that in the absence of any affirmative evidence to the contrary or of any error apparent on the face of the proceedings, the assessment, classification or order appealed from shall be affirmed."

In view of the authority conferred upon the Tax Court,

---

2. The correctness of the assessment is not before us in this appeal.
3. The Supervisor did not participate in this appeal.

and in particular its statutory mandate to conduct proceedings in a manner "similar to proceedings in courts of equity," we think the court plainly possesses the power to permit intervention at any stage of the proceedings in the sound exercise of its discretion where the requisite interest is established. *See Stagge v. City Service Comm.*, 217 Md. 466, 143 A. 2d 502 (1958); *Douglas v. Friedel, Exec.*, 216 Md. 11, 139 A. 2d 259 (1958); *Bauer v. Hamill*, 188 Md. 553, 53 A. 2d 399 (1947). Relying upon a long line of cases culminating in *Redding v. Bd. of County Comm'rs*, 263 Md. 94, 282 A. 2d 136 (1971), appellees argue that the Tax Court had no power to reconsider its prior denial of the petition to intervene without evidence of fraud, mistake, surprise or inadvertence. Because no such evidence was shown to justify the Tax Court's decision to permit intervention, the appellees contend that the reconsideration constituted a mere "change of mind" and thus was invalid. The mere "change of mind" rule is not applicable in the circumstances of this case. An order permitting intervention is interlocutory. *Rowe Co. v. Rowe*, 154 Md. 599, 141 A. 334 (1928); 4 Am.Jur.2d *Appeal and Error* § 94 (1962); Annot., 15 A.L.R.2d 336 (1951). And as we have indicated, issuance of an order permitting intervention is within the Tax Court's sound discretion. The "change of mind" rule prohibits an administrative agency from reopening "cases" without a basis, not from validly exercising its discretion with regard to interlocutory matters, and we therefore find no error in the Tax Court's decision to allow the County to intervene.[4]

When the Tax Court permitted the County to intervene, its order made the County "a party . . . with all rights incident thereto." As an intervenor, the County acquired rights afforded to original parties:

> "By the very definition of 'intervention' the

---

4. Maryland Rule 208, pertaining to intervention in proceedings pending in the circuit courts, requires that persons seeking to intervene do so upon "timely application." Appellees' reliance upon the rule is misplaced since the Maryland Rules do not govern procedures before the Tax Court. Generally speaking, however, whether a petition to intervene is "timely" is a matter committed to the sound discretion of the court.

intervenor is a party to the action. After intervention he is as much a party to the action as the original parties, and to make his rights effectual he must necessarily have the same power as the original parties, subject to the authority of the court reasonably to control the proceedings in the case." 59 Am.Jur.2d *Parties* § 177 (1971).

The rights of a party in a Tax Court proceeding are delineated in Rule 11 of the Rules of Procedure of the Maryland Tax Court, which provides:

"Opening statements and closing arguments shall be permitted each party, the Court reserving the right to determine the time limit thereof. Each party shall have the right to testify, offer exhibits and the testimony of other witnesses, and cross-examine adverse or hostile witnesses. The Court shall not be bound by the technical rules of evidence, but the testimony of witnesses must be responsive to questions asked and must be relevant to the issues of the case. Each party may submit a brief or written memorandum within such time after the hearing as may be determined by the Court."

The extent of the intervention requested by the County was to present specific testimony to the court, as heretofore set forth. The County having properly been granted the right to intervene, the Tax Court must afford it an opportunity to present its proffered evidence.[5]

> *Order reversed; case remanded for further proceedings consistent with this opinion; costs to be paid by Montgomery County.*

---

**5.** In its petition for a hearing, the County, apparently aware of the general rule that the "intervenor is bound by the previous proceedings and the record of the case at the time of his intervention," 59 Am.Jur.2d *Parties* § 180 (1971), made no demand to cross-examine witnesses called in the original proceedings.