PETER C. ANDRESEN ET AL. *v.* YOUNG
CONTRACTING CO., INC.

[No. 732, September Term, 1975.]

*Decided June 25, 1976.*

The cause was argued before MOYLAN, POWERS and LOWE, JJ.

*Peter C. Andresen,* with whom was *Carl E. Zentz* on the brief, for appellant Kensington Associates Realty, Inc.

*Arthur B. Brisker* for appellee.

POWERS, J., delivered the opinion of the Court.

This case originated on the equity side of the Circuit Court for Montgomery County with the filing, on 29 June 1973, by Young Contracting Co., Inc., through its attorneys, of a pleading entitled "Bill To Declare Indebtedness Secured By Deed Of Trust Paid And Satisfied". Further proceedings in the case, which include an earlier appeal to and remand by this Court, are replete with unfortunate examples of ineptness, poor judgment, stubbornness, and a regrettable absence of open-minded willingness to accomplish justice.

We propose to note, in chronological order, the various steps in the case from its beginning down to the present time, and shall comment as necessary to express our view of the legal effect, or lack of effect, of the proceedings.

The Bill named Peter C. Andresen, Trustee, Lori J. Hall, Trustee, and Mt. Vernon Development Corp. as defendants. It alleged that Young Contracting had been the maker of a promissory note, payable to Mt. Vernon in the amount of $5,000.00, dated 17 July 1972, and that the note was secured

by a deed of trust to Andresen and Hall on certain described real estate in Montgomery County. The note, a copy of which was attached, showed that it was payable one year after date, that it bore interest at 8% until paid, and that the interest was payable quarterly, with each installment of interest to bear interest at the same rate if not then paid. The Bill further alleged that the property had been sold, and settlement held, and that the maker desired to pay off the note but had been unable to communicate with the holder or a possible assignee of the note. The Bill prayed for an order permitting payment into court of the principal amount of the debt and for an order declaring the indebtedness paid and the lien extinguished. The Bill was not under oath, nor was it accompanied by any affidavit. No summons or process of any kind was asked or issued for service upon any defendant.

On the same day the Bill was filed, the court signed an order that Young Contracting pay into the Registry of the Court the principal amount of $5,000.00, together with interest thereon [the amount was not specified in the order], and that upon payment of said sum, the lien of the deed of trust shall be released and the property shall be deemed to be free and clear of the lien.

A docket entry on the same date records that a check in the amount of $5,382.00 was deposited in the Registry of the Court.

On 5 September 1973 Kensington Associates Realty, Inc., by its attorney, Peter C. Andresen, filed a Motion for Leave to Intervene, asserting that it was the holder by endorsement of the note secured by the deed of trust which was the subject of the proceeding. Also on 5 September 1973 there was filed in the case a motion signed by Peter C. Andresen, as attorney for movants, who were listed in the motion as Peter C. Andresen, Trustee, Lori J. Hall, Trustee, and Kensington Associates. The movants stated that none of them was given notice of the Bill, and moved to vacate the order of 29 June 1973. The motion alleged numerous other facts not necessary for us to consider.

Counsel for Young Contracting on 24 September 1973 filed its Opposition to the Motion to Vacate and Set Aside the Order of 29 June 1973.

On 5 October 1973 Andresen, as attorney for the movants, filed a Motion Ne Recipiatur to Young Contracting's opposition. On 11 October 1973 counsel for Young Contracting filed Opposition to Andresen's Motion Ne Recipiatur.

The docket shows that on 21 December 1973, the court held a hearing. It granted the motion of Kensington Associates to intervene, and reserved ruling on the motion to vacate and set aside the order of 29 June 1973.

The next entry on the docket is dated 6 February 1974, and records an order of court bearing the date of 5 February 1974 denying the Motion Ne Recipiatur and denying the Motion to Vacate and Set Aside the Order of 29 June 1973.

Thereafter a motion was filed by Andresen, Hall, and Kensington Associates to set aside the order of 6 February 1974. That motion was denied by an order of court entered on 20 June 1974.

Andresen, Hall, and Kensington Associates appealed to this Court. The docket shows that the record was transmitted by the Clerk of the circuit court on 20 August 1974. While the appeal was pending here, the attorneys of record for Young Contracting moved in the circuit court for leave to withdraw their appearance. Leave was granted and the appearance was stricken by the circuit court.

In an opinion filed on 28 February 1975, noting that "generally a court has no jurisdiction to take any action affecting the rights of parties prior to the time the parties are properly brought into court", and that a judgment entered in such a situation would be "invalid and without significance", we struck out the order of 29 June 1973 and remanded the case for further proceedings. We noted in that opinion that one area in which action by a court is allowed before parties are brought into court is that of an *ex parte* injunction. The mandate of this Court putting into effect the order accompanying our opinion was issued on 31 March

1975, and was docketed as having been received in the Circuit Court for Montgomery County on 2 April 1975.

Prior to the issuance of our mandate, but obviously after the parties involved had received copies of our opinion, there was filed in this equity case, on 27 March 1975, in the Circuit Court for Montgomery County, a "Petition to Intervene and for Injunctive Relief" by Ferman E. Stubblefield and Louise M. Stubblefield, his wife, through their attorney. This petition by the Stubblefields alleged that they had bought the encumbered property and had fully settled on it, including payment of the sum necessary to pay the existing lien. It referred to the payment into the Registry of the Court pursuant to the Order entered 29 June 1973, and to the result of the subsequent appeal. It recited also that Peter C. Andresen had advised them by letter of his intention to foreclose upon and sell their home and that he had sent to them a copy of the advertisement showing that the foreclosure sale was to be held on 31 March 1975 at 11:00 A.M. They attached a copy of the letter and of the advertisement. They alleged that they would suffer irreparable harm and damage if the Trustees were permitted to sell the property at foreclosure. They prayed for leave to intervene in the case and for an injunction against the sale. An affidavit, in which Mr. and Mrs. Stubblefield made oath to the facts set forth in their petition, was attached.

On the same date the court entered two separate orders. One order granted leave to Ferman E. Stubblefield and Louise M. Stubblefield to intervene as parties plaintiff in the case. The other order enjoined and restrained Peter C. Andresen, Lori J. Hall, Mt. Vernon Development Corp., and Kensington Associates Realty, Inc., *ex parte*, from proceeding to sell the property at foreclosure on 31 March 1975.

On 2 June 1975 there was filed and docketed in the circuit court a Motion Raising Preliminary Objection, signed by Peter C. Andresen, attorney for defendants, moving, pursuant to Maryland Rule 323, to dismiss the cause of

action. The first ground asserted in the motion was that there was a lack of jurisdiction over the persons of the defendants in that there never had been an attempt to obtain service of process. The second ground asserted in the motion was that there was a complete lack of legal capacity to sue on the part of the plaintiffs. As to the original plaintiff, Young Contracting Co., Inc., the motion asserted that Young's corporate charter had been annulled, and asserted also that since the attorneys for Young had withdrawn their appearance — and a corporation may appear only by attorney — it lacked the capacity to sue on its own behalf. As to the intervening plaintiffs, the Stubblefields, the motion asserted that they already had obtained all of the relief prayed for by them and had not attempted to obtain jurisdiction over the defendants. In a third ground stated in the motion, it was asserted that the prior appearances of the defendants were only for the limited purposes prayed.

On 9 June 1975, the Stubblefields filed opposition to the motion of the defendants to dismiss the case. The pending matters in the case were set for hearing before the court on 19 June 1975. Mr. Andresen, whose right to practice law had been suspended a few days earlier, appeared and participated in proper person. Counsel for the Stubblefields participated. The other parties, Young Contracting Co., Inc., the original plaintiff, Lori J. Hall, Trustee, an original defendant, Mt. Vernon Development Corp., an original defendant, and Kensington Associates Realty, Inc., the intervening defendant, were not represented at the hearing. The record contains a written order of court on that day denying the Motion Raising Preliminary Objection. The docket contains an entry to the same effect. Also on the same date, the docket contains an entry that defendant Peter C. Andresen's Motion for Continuance was denied, that defendant Peter C. Andresen's Motion for Court to Disqualify Himself was denied, and contains the following additional entry: "Hearing on Bill of Complaint (Mathias, J.) Court orders plaintiff Intervenors to tender to Kensington Associates Realty, Inc. the sum of $5,394.00 as full payment of note, payment to be accomplished by the deposit of $12.00

in the Registry of the Court in addition to money already deposited and payment of court costs order to be submitted."

On 27 June 1975 there was filed an order of court, signed on the same date, in which the court made a finding that the sum of $5,382.00 deposited in the Registry of the Court on 29 June 1973, was $12.00 too little because of a mistake in the computation of interest, and ordered that upon the deposit by the intervenors, Mr. and Mrs. Stubblefield, of an additional $12.00 in the Registry of the Court, and upon payment by them of all costs in the circuit court, the deed of trust shall be deemed to have been satisfied and the property deemed to be free and clear of the lien of the deed of trust, and further ordered that upon application of Kensington Associates Realty, Inc., by Peter C. Andresen, President and sole stockholder, the Clerk of the Court is authorized and directed to release unto Kensington Associates Realty, Inc. the money paid into the Registry of the Court, together with the accrued interest thereon, if any.

On 17 July 1975 Peter C. Andresen, Trustee, Defendant, Lori J. Hall, Trustee, Defendant, and the defendant Kensington Associates Realty, Inc., by Carl E. Zentz, its attorney, filed an order for appeal from the orders entered in the case on 27 March 1975, 19 June 1975, and 27 June 1975.

The appellants' brief presents three questions on appeal. They are:

"I. Should the Court have denied the Motion Raising Preliminary Objection?

"II. Did the Court err in denying Appellants a continuance, granting injunctive relief exparte, its refusal to disqualify itself and confiscating the original deed of trust note?

"III. Did the Court err in determining the amount necessary to fully satisfy the deed of trust note and in its release of the deed of trust from the land records?"

As we have noted, the order of 29 June 1973, purporting to authorize the payment of money into court and the release

of the lien of the deed of trust, was vacated by this Court on appeal. This meant that there was nothing pending in the circuit court but the original Bill. It also meant that the clerk's custody of the sum of $5,382.00 paid by the plaintiff had no legal significance. It also meant that the deed of trust continued to be a lien on the property.

When the motion of Kensington Associates filed on 5 September 1973 for leave to intervene was later granted Kensington Associates became, at its own request, a party in the case. No summons or other form of notice to it was required.

The other motions filed on 5 September 1973, the further documentary sparring they generated, the court order of 6 February 1974 following the hearing of 21 December 1973, and the court order of 20 June 1974 refusing to set aside the order of 6 February 1974, had no further significance after our mandate on appeal vacated the order of 29 June 1973.

When the Stubblefields sought relief from what they conceived to be an improper foreclosure sale of their property, threatened to take place in four days, they did so by asking leave to intervene in the pending case. That leave was granted. Maryland Rule 208. There is no contention that their proceeding in that manner was irregular. Upon that sworn petition, making a *prima facie* showing of immediate and irreparable harm, it was entirely proper for the judge to enjoin the impending sale, *ex parte*. The record shows that the judge communicated with Andresen by telephone before signing the order. Maryland Rule BB72. That the order did not fully conform to the requirements of Rule BB72, § b. is now plainly moot.

The Motion Raising Preliminary Objection filed by all defendants was devoted in part to the limited contention that the court had not acquired jurisdiction over them in this case, and in part to an attack upon the legal capacity of the plaintiffs to maintain the proceeding. The Motion Raising Preliminary Objection came too late. All of the defendants had previously submitted themselves generally to the jurisdiction of the court, when they attacked the

propriety of the court's original order. Rule 323; *Eastham v. Young*, 250 Md. 516, 243 A. 2d 559 (1968); *McCormick v. Church*, 219 Md. 422, 149 A. 2d 768 (1959).

The order from which the present appeal was taken, entered by the circuit court on 27 June 1975, was an exercise of jurisdiction then properly vested in the court.

To address specifically the questions posed in appellants' brief:

I. As we have indicated, the court properly denied the Motion Raising Preliminary Objection. The previous pleadings filed by the defendants constituted a general appearance on their part. The original corporate plaintiff was still in the case. Only its counsel, not the party, had withdrawn. It is fallacious to argue that because a corporation may appear only by counsel, it may be a party only so long as it has counsel.

II. In denying a request for a continuance, and in refusing to disqualify himself, the trial judge was acting in an area of broad discretion. We do not find an abuse of that discretion. We have already said that the *ex parte* order enjoining the foreclosure sale was proper, and in any event, moot. The court did not "confiscate" the original deed of trust note. It merely required that it be placed in evidence. It remains in the custody of the clerk, and is available for any proper use. Maryland Rule 1217.

III. The court did err in determining the amount necessary to satisfy the deed of trust note. The deposit of money with the clerk was not a payment into court as contemplated by Maryland Rule 325. No matter how it is viewed, the amount deposited was less than the amount due on the note. The original order left the calculation of interest to the plaintiff, and its calculation was not correct. A noteholder is under no obligation to accept as full payment less than the amount due. The noteholder was not informed of the payment until more than 30 days after the court's order. We must confess to a certain amount of judicial annoyance at the apparently stubborn failure of the parties to work out together the simple calculations involved. Whatever blame there is must be shared by both sides.

The result is that the noteholder is entitled to interest according to the terms of the note until paid. Another result is that we agree with the trial judge's disallowance of all discretionary claims.

The note was for one year. There was no right of prepayment. To pay it required principal of $5,000.00, plus four interest payments of $100.00 each, plus interest at 8% on each interest installment from the time it was due until it was paid. The same terms still apply. The amount necessary to pay the note now appears to approach $6,900.00, but we leave that calculation to the parties.

We shall reverse the order appealed from and remand the case for further proceedings. Upon remand the parties shall, with the intervention of the court if necessary, fix the amount and date of payment to the noteholder. The court may direct the clerk to pay to the noteholder the funds held in the Registry of the Court, including any interest which has accrued on the fund, in discharge *pro tanto* of the amount due the noteholder. The parties interested in the release of the lien shall pay the necessary additional amount to the noteholder. The court may then declare the lien satisfied, and that the property shall be deemed to be free and clear of the lien. The court may assess costs below in its discretion.

> *Order of 27 June 1975 reversed.*
> *Case remanded for further proceedings in accordance with this opinion.*
> *Costs in this Court to be paid one half by Kensington Associates Realty, Inc., and one half by Ferman E. Stubblefield and Louise M. Stubblefield.*