599 A.2d 837

**MARYLAND AUTOMOBILE INSURANCE FUND**

v.

**James R. SOFFAS.**

No. 199, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Dec. 26, 1991.

Eugene B. Connor, Jr. (Fulton & Connor, on the brief), Baltimore, for appellant.

Kevin H. Brown (Law Offices of Harold A. MacLaughlin, on the brief), Baltimore, for appellee.

Argued before BISHOP, ROSALYN B. BELL and WENNER, JJ.

BISHOP, Judge.

This is an appeal from a judgment of the Circuit Court for Baltimore City in favor of appellee, James Soffas, granting summary judgment on a Cross–Claim filed by appellant, Maryland Automobile Insurance Fund ("MAIF").

Michael Reid and his wife, plaintiffs in the trial court, originally filed a claim for personal injuries and loss of consortium against co-defendants Roy Troutner and James Soffas, alleging the Troutner negligently operated a vehicle and caused plaintiffs' injuries while acting as the agent of Soffas, the owner of the vehicle. Soffas moved for sum-

mary judgment claiming he was not the owner of the car and Troutner was not his agent. Several months later, MAIF moved to intervene in the suit as a defendant because plaintiffs held an insurance policy with MAIF which provided uninsured motorist benefits.

On November 27, 1989, the trial court granted MAIF's Motion to Intervene and, three days later, MAIF filed an Answer to plaintiffs' Complaint. On December 4, 1989, MAIF filed a Cross–Claim for indemnification against Troutner and Soffas. On December 14, 1989, the trial court granted Soffas's Motion for Summary Judgment against the plaintiffs and ordered final judgment be entered in favor of Soffas. Judgment was entered on December 21, 1989. Soffas, as cross-defendant, then filed a Motion for Summary Judgment against MAIF's Cross–Claim, which was granted by the trial court. MAIF's Motion for Reconsideration was denied and final judgment was entered in favor of Soffas.

### Issues Presented

I. Should appellant MAIF, in its Cross–Claim against Soffas, have been bound by the trial court's previous award of summary judgment on December 21, 1989, in favor of Soffas and against the plaintiffs?

II. Did the trial court properly deny Soffas's Motion for Summary Judgment with respect to MAIF's Cross–Claim, on the merits, in light of the existence of genuine disputes concerning material facts?

### Statement of Facts

On September 3, 1986, Michael Reid was traveling northbound on Martin Luther King Boulevard and stopped in response to the traffic in front of him. Troutner was driving immediately behind Reid and, when Troutner failed to stop, he crashed into the rear of Reid's vehicle.

Reid and his wife brought suit against Troutner and Soffas, the alleged owner of the vehicle driven by Troutner,

seeking damages for personal injuries and lost consortium. The Complaint alleged that Troutner negligently operated his vehicle and caused plaintiffs' injuries, while acting as the agent of Soffas. Troutner never responded to the Complaint and an Order of Default was entered against him.

Soffas answered the Reids' interrogatories and filed a Motion for Summary Judgment against the Reids. The Motion included an affidavit in which Soffas alleged that he sold the vehicle to Troutner in August 1986, the month before the accident. Soffas denied owning the vehicle in September and denied that he ever employed Troutner. Soffas alleged:

> On the day of the sale, I removed the license plates registered to me ... and placed them on the car roof.... Mr. Troutner and I started talking and we went into his house; when I left for home, I forgot to take the license plates with me. As soon as I returned home, I immediately called Mr. Troutner and asked that he return the plates to me but he indicated that he would simply return the plates into the Department of Motor Vehicles the next day when he registered the car to his name.... I sent [Reids' attorney] on two separate occasions, a photocopy of the bill of sale between myself and Roy Troutner. Unfortunately, I subsequently misplaced [it].

Several months after the Motion for Summary Judgment was filed, MAIF moved to intervene on the ground that it provided the Reids' insurance which contained uninsured motorist benefits. On November 27, 1989, at a hearing before Judge Hubbard, in the Circuit Court for Baltimore City, MAIF's Motion to Intervene as a party defendant was granted and Soffas's Motion for Summary Judgment was held *sub curia,* until December 7, 1989 to await further pleadings from MAIF. The purpose of this was to allow the deposition of Soffas, which had been noted previously by the Reids and was to be held on December 4, 1989. MAIF was present at this hearing. MAIF had not filed a

notice to take a deposition because it had just been granted its Motion to Intervene at the November 27th hearing.

On November 30, 1989, Soffas's attorney notified Judge Hubbard, by letter, that the Reids had cancelled Soffas's deposition and that MAIF had indicated it would not be taking the deposition on December 4. Soffas's attorney requested a ruling on his pending Motion for Summary Judgment against Reid. Copies of this letter were sent to the Reids and MAIF.

On December 4, 1989, MAIF filed a Cross–Claim for indemnification against Troutner and Soffas alleging that Troutner negligently operated the vehicle while acting as the agent of Soffas, and that Soffas negligently entrusted the vehicle to Troutner. MAIF also forwarded a Request for Production of Documents to Soffas.

On December 5, 1989, in response to Soffas's Motion for Summary Judgment, the Reids filed a response, not under oath as required by Maryland Rule 2–501(b), that contained a copy of the police report of the accident indicating that Soffas was the owner of the vehicle driven by Troutner, and a certificate of title from the Motor Vehicle Administration indicating that Soffas sold the vehicle on October 14, 1986. The response alleged that Troutner was acting as the "agent, servant and/or employee" of Soffas and that the Reids never received the Bill of Sale for the vehicle that Soffas claimed to have sent to them.

On December 14, 1989, Judge Hubbard granted summary judgment in favor of Soffas and against the Reids without a hearing. Pursuant to Md. Rule 2–602(b), the Judge expressly determined there was no just reason for delay, and final judgment was entered and became appealable on December 21, 1989. Neither the Reids nor MAIF appealed within 30 days thereafter as required by Md. Rule 8–202. On December 15, Soffas answered MAIF's Cross–Claim and supplemented his response to Reids' Request for Production of Documents.

Soffas filed a Motion for Summary Judgment against MAIF's Cross–Claim and the Reids filed an Amended Complaint naming MAIF as a defendant and alleged that they were entitled to make a claim with MAIF under the uninsured motorist coverage of their insurance policy. MAIF answered the Motion for Summary Judgment but did not include an affidavit or written statement under oath. The answer did not contain any evidence on agency not previously included in Reid's response to Soffas's Motion for Summary Judgment against the Reids.

A hearing on Soffas's Motion for Summary Judgment on the Cross–Complaint was held and Judge Ross granted summary judgment in favor of Soffas. As to Count 1 of MAIF's Cross–Claim (alleging Soffas's ownership of the vehicle and agency with Troutner) Judge Ross found MAIF was bound by Judge Hubbard's grant of summary judgment against the Reids [by the doctrine of collateral estoppel]. As to Count 2, which alleged that Soffas negligently entrusted the vehicle to Troutner, Judge Ross found there was no genuine dispute concerning material facts. Appellant MAIF did not appeal this ruling. Soffas's motion for final judgment based on Judge Ross's ruling was granted.

### *Discussion*

■ The proper standard for appellate review of a trial court's grant of a motion for summary judgment is whether the trial court was legally correct. *Heat & Power v. Air Products*, 320 Md. 584, 591–92, 578 A.2d 1202 (1990) (summary judgment is a question of law, not fact).

MAIF contends that Judge Ross improperly granted Soffas's Motion for Summary Judgment when he ruled that MAIF was collaterally estopped from claiming a genuine dispute as to agency, by Judge Hubbard's previous grant of summary judgment against Reid on the same question of agency.

"Maryland law is clear that ... collateral estoppel will apply where there has been a final judgment of a court on

the merits in a previous proceeding." *Harding v. Ramsay, Scarlett & Co., Inc.,* 599 F.Supp. 180, 183 (1984) (citing *Institutional Management v. Cutler Computer,* 294 Md. 626, 633, 451 A.2d 1224 (1982); *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 454–55, 138 A.2d 658 (1958)).

> "[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim." *See Murray Int'l Freight Corp. v. Graham,* 315 Md. 543, 547 [555 A.2d 502] ... (1989).... In *Murray,* we discussed the following considerations in applying this rule: 1) the identity of parties, 2) the actual litigation of an issue of fact or law, 3) the essentialness of the determination to the judgment and 4) the appealability of that determination by the party against whom the issue preclusion is being asserted. *Id.* at 549 [555 A.2d 502]....

*Cassidy v. Board of Education,* 316 Md. 50, 62, 557 A.2d 227 (1989) (quoting Restatement (Second) of Judgments § 27 (1980)). In *Washington Suburban Sanitary Commission v. TKU Associates,* 281 Md. 1, 19, 376 A.2d 505 (1977), the Court of Appeals also considered whether the party against whom collateral estoppel was asserted was given a "fair opportunity to be heard on the issue" in determining whether the party was bound by the prior adjudication. Applying the factors from *Cassidy* and *TKU,* we hold that Judge Ross properly granted Soffas's Motion for Summary Judgment because the doctrine of collateral estoppel prevented MAIF from relitigating the determination on agency, made by Judge Hubbard when MAIF was a party to the suit.

Issue of law litigated and determined
by a valid and final judgment

When an issue is properly raised, submitted, and determined by a motion for summary judgment, the issue is considered actually litigated. Restatement (Second) of

Judgments, § 27 comment d (1982). Even though a court makes no findings of fact and no decision on the merits, in deciding whether to grant a motion for summary judgment, the court considers the facts before it to determine if any material fact is disputed. *Lipscomb v. Hess,* 255 Md. 109, 118–119, 257 A.2d 178 (1969). This constitutes a determination of an issue of law. A determination may be based on a failure of proof. Restatement (Second) of Judgments, § 27 comment d (1982). If there is no issue of fact to be tried, the court applies the law to the undisputed facts and renders judgment accordingly. *Lipscomb,* 255 Md. at 119, 257 A.2d 178.

In the case before us, Soffas filed a Motion for Summary Judgment against the Reids. The Reids responded to that motion, but MAIF did not. Soffas argued, in his Motion for Summary Judgment, that there was no genuine dispute with respect to Troutner's status as an agent. By affidavit, Soffas swore that he sold the vehicle to Troutner the month before the accident and that Troutner was not acting for Soffas's benefit. The Reids' response to the Motion argued that Troutner's agency was in dispute. Nevertheless, Judge Hubbard granted summary judgment against the Reids and ordered final judgment be entered in favor of Soffas. The Reids' response to the Motion did not include a written statement under oath as required by Maryland Rule 2–501, but did include a copy of the police report and a copy of the Maryland Department of Transportation title, both of which indicated that Soffas owned the vehicle at the time of the accident. Because that judgment was never appealed, we do not address whether this response to the Motion was sufficient to controvert the facts alleged in Soffas's affidavit and prevent summary judgment.

## Determination essential to judgment

The determination that Troutner's agency was not in dispute and that Troutner was not an agent of Soffas was fatal to the Reids' claim that Soffas was liable for the damages caused by Troutner. Unless the Reids established

that Troutner was an agent of Soffas at the time of the accident, their theory of liability against Soffas could not be successful. Likewise, the issue of agency was essential to MAIF's claim for indemnification.

## Party privity

■ In *Klein v. Whitehead*, 40 Md.App. 1, 15, 389 A.2d 374 (1977) (footnote omitted), we said that in order for collateral estoppel to apply "the second action must be between the same parties or those in privity with them." It is clear that, although MAIF was not in privity with the Reids, MAIF was a party.

MAIF intervened as a defendant in the suit brought by the Reids. A plaintiff is not in privity with a defendant by the very nature of a suit. The parties had incompatible interests. While it was necessary for MAIF to prove agency and the existence of insurance, it was not necessary for the Reids to prove these.

MAIF contends that while the Order granting its Motion to Intervene allowed it to become a party, MAIF did not actually become a party until it filed an Answer to the Complaint on November 30, 1989. We disagree. MAIF became a party to the case when its Motion to Intervene was granted. *See Andresen v. Young Contracting Co.*, 32 Md.App. 98, 105, 359 A.2d 111 (1976). A potential intervenor becomes a party when the order permitting intervention is granted.

"By the very definition of 'intervention' the intervenor is a party to the action. After intervention he is as much a party to the action as the original parties...." *Montgomery Co. v. Supervisor*, 275 Md. 58, 63, 337 A.2d 679 (1971) (quoting 59 Am.Jur.2d *Parties* § 177). A non-intervening defendant becomes a party to a suit when the plaintiff files the complaint, not when the defendant files an answer. Likewise, an intervening defendant becomes a party when the order granting intervention is signed, not when the intervening defendant files an answer.

The language of Maryland Rule 2–214(c) itself implies that the intervenor becomes a party when the order is granted because the Rule requires the order granting intervention to designate the intervenor as a plaintiff or defendant, terms used for parties. In addition, as appellant correctly notes, Rule 2–214(c) requires that an intervening defendant file, along with its motion to intervene, a proposed pleading which shall promptly be filed and served, upon the granting of intervention. Because only a party may assert rights in the case, this requirement supports our interpretation that an intervenor immediately becomes a party.

Fair opportunity to be heard and appealability

 Appellant also contends that the Motion was not directed to MAIF and thus MAIF had no obligation at that point to respond to the Motion. Maryland Rule 2–501(e) permits the court, pursuant to Maryland Rule 2–602(b), to enter final judgment against less than all of the parties. In the case *sub judice*, the Motion for Summary Judgment named, and was entered against, the Reids only and not MAIF. This was not dispositive, however, of MAIF's right to respond to the Motion by way of affidavit or right to appeal the Order.

We agree that MAIF was not required to respond. No party is obligated to respond to a motion. Failure to respond, however, carries with it a greater risk of a ruling against the non-responding party.

In *Montgomery Co. v. Supervisor*, 275 Md. at 63 fn. 5, 337 A.2d 679, the Court of Appeals noted the general rule stated in 59 Am.Jur.2d *Parties* § 180 (1971) that an "intervenor is bound by the previous proceedings and the record of the case at the time of intervention."

Prior to MAIF's entering the suit, an Order of Default had been entered against Troutner, and Soffas's Motion for Summary Judgment was pending. At the hearing on November 27, 1989, which MAIF attended, Judge Hubbard granted MAIF's Motion to Intervene and held Soffas's

Motion *sub curia* pending further pleadings by MAIF following the deposition of Soffas. MAIF could not have been expected to argue its position on the ownership of the vehicle and agency issues at the hearing on November 27, 1989. MAIF should have recognized, however, well in advance of December 21, (the date on which judgment was entered based on the granting of Soffas's Motion for Summary Judgment), the potential detrimental effect the granting of Soffas's Motion and the subsequent judgment would have on its Cross–Claim. MAIF knew that the Reids' Complaint against Soffas relied on the allegation that Troutner was Soffas's agent and should have known that an adverse ruling on the agency issue would preclude it from relitigating that issue. MAIF knew Judge Hubbard was withholding her decision on the Motion until December 7 to allow the Reids and MAIF to take Soffas's deposition. MAIF declined to take Soffas's deposition. MAIF knew that the Judge had been notified that no deposition would be taken and had been asked by Soffas's counsel to rule on the Motion. MAIF took no action to protect its interest. It did not request a postponement, file a response to the Motion, or subsequently appeal the December 21st judgment.

After intervention, an intervenor has the same rights and powers to effectuate its rights as an original party. *Montgomery Co. v. Supervisor*, 275 Md. at 63, 337 A.2d 679; *American Fed'n of Teachers v. Lubman*, 50 Md.App. 13, 18, 435 A.2d 801 (1981). In the case *sub judice*, MAIF became a party on November 27 and the court held the Motion *sub curia* until December 7, so that MAIF could file further pleadings following the deposition of Soffas. Thus, MAIF had sufficient time to respond to Soffas's Motion for Summary Judgment against the Reids.

Furthermore, in *Lubman*, 50 Md.App. at 18, 435 A.2d 801, this Court quoted *Montgomery County v. Meany*, 34 Md.App. 647, 650, 368 A.2d 1107 (1977): "As an intervenor has all the rights as a party and a party has the right to appeal, [the intervenor] has the right to appeal." We noted that finding to the contrary would allow an intervenor's fate to be contingent upon the original party's willingness to appeal and the intervenor would run the risk of having his or her rights foreclosed if the original party for whatever reason elected not to appeal. *Lubman*, 50 Md.App. at 17, 435 A.2d 801. Appellant attempts to distinguish *Lubman* by claiming that it dealt only with the right to appeal by an intervenor who actually participated in and lost at trial, whereas the case *sub judice*, involves an appeal of a summary judgment against the plaintiffs in the underlying tort suit. We are not convinced.

MAIF, like the intervenor in *Lubman*, had an opportunity to participate in the events which transpired after its Motion to Intervene was granted. Thus, MAIF as an intervening party had a fair opportunity to protect its interest but failed to do so. The fact that the first Motion for Summary Judgment against the Reids was not directed at MAIF is not dispositive of the binding effect of the ruling on MAIF, as MAIF urges. Under the doctrine of collateral estoppel, issues of fact and issues of law which are decided are binding on all parties before the court. Consequently, MAIF was bound by the doctrine of collateral estoppel from relitigating the issue of agency.

JUDGMENT AFFIRMED; COST TO BE PAID BY APPELLANT.