HEZEKIAH KORNEGAY AND VIRGINIA KORNEGAY v. EDEN PRICE.

(Filed 12 November, 1919.)

**Husband and Wife—Deeds and Conveyances—Statutes—Void Deeds—Color —Adverse Possession—Limitation of Actions.**

The possession of lands by the husband under a deed made to him by his wife, void for noncompliance with Rev., 2107, is for the benefit of the wife, and during the continuance of the marriage relation during her life cannot be considered as adverse to her and ripen title in him by sufficient adverse possession. *Semble*, after her death his possession would be adverse possession against her heirs; and *quære* as to whether it would be such before demand is made for possession.

CIVIL ACTION, tried before *Guion, J.,* at March Term, 1919, of DUPLIN, upon these issues:

"1. Is the plaintiff the owner of the lands described in the complaint? Answer: 'Yes; second tract only.'

"2. Does defendant wrongfully withhold the same from the plaintiff? Answer: 'Yes; as to second tract.' "

Judgment for defendant, and plaintiffs appealed.

*John A. Gavin, Jr., for plaintiffs.*
*Stevens & Beasley for defendant.*

BROWN, J. It is admitted that Margaret Price was the owner in fee of the land in controversy, and that the plaintiff is her only heir at law: Margaret Price was the wife of the defendant, Eden Price. They were married prior to 15 May, 1897, and lived together as man and wife until 18 July, 1916, when Margaret Price died. No children were born of said marriage. On 15 May, 1897, Margaret Price executed to her husband, the defendant, a deed, which was void under Rev., 2107. The defendant claimed that this deed was color of title, and that he had had adverse possession against his wife of the 44½-acre tract for a period sufficient to ripen the color into a good title. The court directed the jury that the plaintiff was not entitled to recover the 44½-acre tract of land; that if the evidence is to be believed, he acquired title by color of the deed from his wife, and by adverse possession against her.

We think the learned judge erred in holding that the husband can acquire the wife's land by adverse possession under color of title. It is admitted that the deed of Margaret Price to the defendant is void, because not probated in accordance with the statute, and that it did not pass the title.

It seems to be well settled that, owing to the unity of husband and wife, adverse possession cannot exist between them so long as the cover-

ture continues. But where the marital relations have been terminated by divorce or abandonment, it seems that one may acquire title from the other by adverse possession. 1 A. and E., p. 820, sec. 11.

In *First National Bank v. Guerra*, 61 Calif., 109, it is held that a wife cannot claim adversely to her husband, or those claiming under him, so long as he remains the head of the family. It is held further, in *Hendricks v. Rasson*, 53 Mich., 575, that the husband cannot hold adversely to his wife premises belonging to her. Joint possession by husband and wife, held under the wife's claim of title, inures to her benefit. *Templeton v. Twitty*, 88 Tenn., 595. In *Vandervoort v. Gould*, 36 N. Y., 639, it is held that the possession of premises by husband belonging to his wife can, in no sense, be deemed adverse. In the note to A. and E. Ency., *supra*, a large number of cases is cited sustaining the text. See, also, Am. and Eng. Anno. Cases, 1912, A., p. 570, and notes.

The possession of the husband of land conveyed to him by the wife under a void deed becomes adverse only after her death and against her heirs. *Burkowitz v. Brown*, 23 N. Y. Supp., 792. There are authorities which hold that the possession of the husband does not become adverse against the wife's heirs until a demand is made for possession. See, also, 1st R. C. L., 755, sec. 83, where it is said: "It is well settled that neither a husband nor a wife can acquire title by adverse possession as against the other of land of which they are in the joint possession."

The judgment of the Superior Court is reversed.

New trial.