CLARK, C. J., dissenting.
This is an action, commenced 1 May, 1919, to recover land, which formerly belonged to Jane E. Click, a married woman, who died intestate in October, 1901, leaving as her only heirs one daughter, Annie Fleming, and the plaintiffs, who are the children of a deceased daughter, Belle V., and of the defendant, W. S. Clendenin.
The interest of Annie Fleming has been conveyed to the plaintiffs.
The husband of Jane E. Click died in 1902, and Belle V. in 1893.
The defendant married in 1885, and the children, who are plaintiffs, were born, respectively, 18 January, 1887; 18 or 21 December, 1889; 18 December, 1891.
The defendant was permitted to introduce in evidence a paper-writing of date 10 February, 1896, purporting to be executed on 10 February, 1896, by Jane E. Click and her husband, and to convey said land to the plaintiffs, with the following reservation therein in behalf of the defendant: "It is further hereby stipulated that the said W. S. Clendenin shall hold a life estate in the above described tract of land."
The private examination of Jane E. Click was not taken, and there is no probate of the writing or other proof of its execution except that on 11 February, 1919, it purports to have been proved on the oath and examination of two witnesses to the handwriting of the subscribing witness, and was put on the record on 12 February, 1919, and there is no evidence that the plaintiffs knew of its existence prior to that time.
The defendant relied on said paper as color of title for a life estate, and that his color had ripened into a good title by seven years adverse possession. He also contended that if the paper was not color he was the owner of a life estate by twenty years adverse possession.
His Honor instructed the jury to answer the first issue "Yes," if they believed the evidence, and the defendant excepted. *Page 467 
The jury returned the following verdict:
"1. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint? Answer: `Yes.'
"2. What amount are the plaintiffs entitled to recover of the defendant as rent? Answer: `$100.'"
There was a judgment in favor of the plaintiffs, and the defendant appealed.
The paper-writing introduced in evidence by the defendant is void, and did not have the effect of passing any interest in the land to the plaintiffs or the defendant, because the land purporting to be conveyed belonged to a married woman, and her privy examination was not taken (Council v. Pridgen, 153 N.C. 444), and with this paper out of the way as evidence of title, the plaintiffs are the owners in fee of the land as the heirs of Jane E. Click, the former owner, and as grantee of Annie Fleming, another heir, unless the defendant has shown title by adverse possession.
There is a marked distinction between the possession and user of land, which may be by permission, or without claim of right, or without purpose to acquire title, and an adverse possession, which, is continued for a sufficient length of time, will confer title.
There is not only no presumption that the possession is adverse to the true owner (Shermer v. Dobbins, 176 N.C. 549), but, on the contrary, every possession is deemed to be under and in subordination to the true title, unless such possession is shown to be adverse (Bland v. Beasley,145 N.C. 169), by which is meant that it is open, continuous, notorious, hostile to the true owner, and evidenced by such unequivocal acts as will put the true owner on notice of the claim.
"It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be as decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner." Locklear v. Savage,159 N.C. 237.
The relationship of the parties also affects the character of the possession, and it was held in Kornegay v. Price, 178 N.C. 441, that the *Page 468 
husband could not, while living with his wife on the land, acquire title against her by adverse possession, and the same was held as to the wife inHancock v. Davis, 179 N.C. 283.
It is also stated in 1 R. C. L., 759, that, "As a general rule, an adverse possession cannot be predicated on the possession of the parent as against a child, or on the possession of a child as against its parent. Thus, where a father became insane, and one of his sons took the management of his farm during the rest of his father's lifetime, and remained in possession of it during the statutory period, it was held that these facts did not warrant the presumption of a conveyance to the son by the father, or of a release to him by the other heirs subsequent to their father's death. So, it has been held that the possession of land acquired by a father, under a conveyance to his infant child, and continued long after such child's minority, did not ripen into a title by adverse possession. In order that a possession of the character under consideration may become adverse, the owner must have had some clear, definite, and unequivocal notice of the adverse claimant's intention to assert an exclusive ownership in himself."
Applying these principles, there is no sufficient evidence of such adverse possession as would perfect the title of the defendant as against the plaintiffs, because there was nothing in the use of the land inconsistent with relationship ordinarily existing between parent and child, and nothing to put the plaintiffs on notice that the defendant was claiming in his own right.
The defendant married the mother of the plaintiff in 1885, and moved on the land with the "old people," who were J. D. Click and wife, Jane E. Click. He cultivated the land, and continued to use it during the lifetime of the grandparents of the plaintiff, who died in 1901 and 1902, respectively. He still remained upon the land after their death up to the present time, his children being with him, and there is nothing in the record indicating in the slightest degree that the plaintiffs knew or had any reason to know that he claimed the life estate until 1919, when the paper-writing referred to was put on the record. He had possession and used the land, but it was in conjunction with the plaintiffs, his children, who were the true owners, and therefore his possession was in subordination to their title until made hostile by some unequivocal act, and there is no evidence of such prior to 1919, and there was therefore no error in the instruction to the jury.
In this view of the case it is not necessary to determine whether the paper-writing can be used as color of title or the effect of the reservation as an adverse possession of either seven years or twenty years has not been shown. *Page 469 
We therefore find no error in the trial of the cause, but the judgment must be modified, as it permits a recovery of $400 for rents, whereas the jury answered the second issue $100.
Modified and affirmed.