MARGARET P. KELLEY *vs.* JACOB S. KELLEY.

JANUARY 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is an action of trespass and eject-ment brought by plaintiff against her husband. At the trial by direction of the court the jury returned a verdict for the defendant.

Before this action was begun plaintiff had brought another action of trespass against her husband after she had caused a notice to quit to be served upon him. In that action judgment was for the defendant. No new notice to quit was served on defendant before this action was begun. The pleas are the general issue and *res judicata*.

The case is in this court on plaintiff's bill of exceptions. The real question, it is agreed, is whether a wife in the circumstances may maintain an action of trespass and ejectment against her husband. Her right to such an action, if any, is dependent on statutory authority.

The evidence is brief and lacking in some particulars. The facts are as follows. Defendant and plaintiff with their children in 1905 had their home in a two-tenement house at 152 Smith street, Providence. The family occupied the lower tenement in one part of which the defendant, who is a physician, established his office. In 1910 plaintiff bought

the house and paid for it with money she had received as a legacy. Her husband later joined with his wife in the execution of a mortgage on the property. He has for years paid the interest on the mortgage, a part of the expense of repairs to the house, the insurance premiums, the taxes and the water bills. In 1923 plaintiff became dissatisfied with the location of the house and asked her husband to move to another part of the city. He refused to move. Plaintiff, despite the objection of her husband, then moved with her children to a dwelling house which she built in Warwick. Thereafter she rented and received the rents for the upper tenement of the house on Smith street. Her husband did not pay rent nor was he asked to do so until about two years before the institution of this suit. At that time plaintiff, who was receiving a monthly allowance from her husband, demanded that he should also pay to her rent for the lower tenement. The husband refused to pay rent and the two actions for trespass were brought.

Plaintiff's claim is that as she is living apart from her husband she has the right to sue him in an action at law of trespass and ejectment to obtain possession of the house, which she owns; that her husband on his refusal to leave the house was a trespasser. Plaintiff relies on General Laws, 1923, Chapter 290, Section 1, which in part is as follows: "The real estate, chattels, real and personal estate, which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, including damages recovered in suits or proceedings for her benefit and compensation for her property taken for public use, and the proceeds of all such property, shall be and remain her sole and separate property free from control of her husband." and Section 14, as follows: "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone."

The rule of the common law that the legal identity of the wife was merged in that of her husband has long since been

changed in this State. The wife, by statute, in many respects is now held to be a distinct legal person; but she is not and never has been held to be in the same legal position as an unmarried woman. In *Gorman* v. *McHale*, 24 R. I. 257, this court in construing the above mentioned provisions of the statute decided that the object of the statute was to give to married women the entire control and management of their own property; that the provision that "she shall sue and be sued alone" was a directory and not a mandatory provision, the only object of which was to remove a previously existing disability which precluded a married woman from suing or being sued alone, when the cause of action related to her separate property; that the only object of the statute was, in those cases where her husband was not an interested or necessary party, to give to the wife the right to sue alone and a similar right to sue her by anyone who might have a cause of action against her. The statute with respect to suits by and against married women was in effect a change in procedure; it was not a change in the substantive law or the creation of a new status for married women. The wife now has property rights which are not subject to the control of her husband. She is "another person" from her husband within the meaning of that phrase in General Laws, 1923, Chapter 297, Section 20, that "lands, tenements, and hereditaments, or a thing in action, may be conveyed by a person to himself jointly with another person" to the extent of the power to convey to and to take a conveyance of property directly from her husband. *Lawton* v. *Lawton*, 48 R. I. 134. In *Smith* v. *Smith*, 20 R. I. 556, it was held that a wife might maintain an action against her husband for the conversion by him of her personal property. In *Oken* v. *Oken*, 44 R. I. 291, it was held that a wife could not maintain an action at law against her husband to recover damages for injuries caused by his negligence. A literal construction of the act would authorize any proceeding against the husband which the wife could bring against any other person. There is

nothing in the act to show an intention by the legislature to so modify the marriage relation as to authorize an action of this character against her husband. Marriage contemplates the living together of the husband and the wife.

The law favors the marital relation and the permanence of the family. The voluntary separation without consent and without justification of one spouse from the other is a legal desertion which if continued is a ground for divorce. The relief sought in the case at bar consists not only of putting the wife in possession but in expelling the husband from his wife's house which is the lawful home of both husband and wife. The occupancy of the husband is not adverse to the title of his wife and is not however long continued a basis for acquiring a title by possession. 21 Cyc. 1414. The wife still has the legal possession and also the right of occupancy if she wishes to exercise it. Neither husband nor wife without lawful cause so long as the marital relation exists can exclude the other from the home they have established by mutual and voluntary choice.

There was no error in the direction of the verdict.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Comstock & Canning, Edward M. Brennan,* for plaintiff.

*Henry M. Boss, Jr., Boss, Shepard & McMahon,* for defendant.