JOHN STONE, JR., SUBSTITUTED PLAINTIFF FOR MOSES GRIMES, v. AMELIA GUION, CICERO GUION AND BUDDY GUION.

(Filed 12 January, 1944.)

**1. Ejectment § 15: Execution § 24—**

Where plaintiff sued in ejectment three defendants, wife, husband and son, and at the close of the trial plaintiff was nonsuited as to the father and son, and no appeal taken, and on a subsequent trial plaintiff recovered judgment against the wife, and upon issuance of a writ of possession, the wife moved to vacate the writ on the ground that she disclaims title to the property and is living on the land in the home of her husband by reason of her marital rights, an order allowing the motion was proper.

**2. Ejectment § 9a—**

No person in possession of the premises claiming title thereto prior to, or at the time of, the commencement of the action can be dispossessed unless he was made a party to the suit so as to be bound by the judgment.

**3. Husband and Wife § 1—**

Neither husband nor wife, without lawful cause, so long as the marital relation exists, can exclude the other from the home they have established by mutual and voluntary choice.

APPEAL by plaintiff from *Carr, J.,* at April Term, 1943, of ROBESON.

This action has been before this Court twice previously, *Grimes v. Guion,* 220 N. C., 676, 18 S. E. (2d), 170, and *Stone, Substituted Plaintiff, v. Guion,* 222 N. C., 548, 23 S. E. (2d), 907.

The action was brought originally against Amelia Guion, Cicero Guion and Buddy Guion, and the complaint alleged the defendants were in the unlawful and wrongful possession of the land described therein. Amelia Guion filed an answer and pleaded *sole seizin* of the land in controversy. Cicero Guion, her husband, and Buddy Guion, her son, filed a separate answer and denied they were in the unlawful and wrongful possession of said land. At the close of plaintiff's evidence in the trial below, Cicero and Buddy Guion moved for judgment as of nonsuit as to them. The motion was granted and no appeal was taken from said judgment.

The second appeal involved a review of the trial below, wherein the plaintiff John Stone, Jr., was adjudged the owner and entitled to the immediate possession of the tract of land in controversy and the defendant, Amelia Guion, was adjudged to be in the unlawful possession thereof. No error was found in said trial. Thereafter a writ of possession was issued and served on Amelia Guion by the Sheriff of Robeson County, to eject her from the land and put the plaintiff, Stone, in possession. Amelia Guion moved to vacate the writ of possession on the ground that she disclaimed any further title to the property, in view

of the Supreme Court's decision, and that she was now living in the home upon the land with her husband by reason of her marital rights. Whereupon, his Honor entered an order allowing defendant's motion to recall the execution issued against her and concluding therein as a matter of law upon the facts found that the defendant, Amelia Guion, having disclaimed title to the land in controversy, has a lawful right to remain in the home and domicile of her husband, Cicero Guion, situated upon the said land, until such time as the said Cicero Guion voluntarily surrenders the possession thereof or has been ejected therefrom by due process of law.

The plaintiff appeals from the foregoing order to the Supreme Court and assigns error.

*F. D. Hackett and James R. Nance for plaintiff.*
*L. J. Britt and McLean & Stacy for defendant.*

DENNY, J.   The plaintiff contends that Cicero Guion, husband of Amelia Guion, and her son, Buddy Guion, are bound by the judgment herein and may be dispossessed under the writ of possession issued pursuant thereto. This contention is based upon the general rule that "After recovery of a judgment in favor of the plaintiff in an action of ejectment the defendant and all those in privity with him may be dispossessed under the writ of possession issued thereon, and that all persons acquiring possession from and under the defendant during the pendency of the action are privies within the meaning of the rule. The parties defendant, their families, servants and tenants at sufferance are, of course, bound by the court's order in ejectment and may be dispossessed." 18 Am. Jur., sec. 142, p. 113. The rule does not apply in the instant case. There is no privy in estate shown on this record to exist between Amelia Guion and her husband, Cicero Guion, or between her and her son, Buddy Guion. *Shew v. Call,* 119 N. C., 450, 26 S. E., 33. Quoting further from the above section of Am. Jur.: "While the general rule is, as stated, that the defendant and all those in privity with him and who enter under, and acquire an interest in the premises from or through, him subsequent to the commencement of the action are bound by the judgment therein and are liable to be dispossessed thereunder, the converse of this rule is also equally well settled—namely, that no person in possession of the premises claiming title thereto prior to, or at the time of, the commencement of the action can be dispossessed unless he was made a party to the suit so as to be bound by the judgment."

The plaintiff, having alleged that Amelia Guion, Cicero Guion and Buddy Guion were in the unlawful and wrongful possession of the land

he sought to recover, the burden was upon him to show unlawful and wrongful possession. This he failed to do in so far as Cicero Guion and Buddy Guion were concerned, in the opinion of the trial judge, which failure resulted in a judgment of involuntary nonsuit as to them. When the judgment of nonsuit was entered, the plaintiff did not appeal nor move to make Cicero Guion a party defendant, as the husband of Amelia Guion, but elected to proceed against Amelia Guion alone. Hence, neither Cicero Guion nor Buddy Guion was a party to the action when the final judgment was rendered. Therefore, the plaintiff is not entitled to an execution against Cicero Guion or Buddy Guion under and by virtue of the judgment rendered in this action.

In view of the status of the parties, and the disclaimer of title to the land in controversy by Amelia Guion, we think the ruling of the court below is correct.

On the facts as disclosed on this record, the filing of the disclaimer of title is tantamount to a voluntary dispossession and an ouster of Amelia Guion of all claim of right. A physical eviction of Amelia Guion from the premises would accomplish nothing more, since she has the legal right to live in the home and domicile of her husband, Cicero Guion, who resides in a house situate on the land in controversy. "Neither husband nor wife, without lawful cause, so long as the marital relation exists, can exclude the other from the home they have established by mutual and voluntary choice." 27 Am. Jur., 201; *Kelley v. Kelley,* 74 A. L. R., 135, 153 Atl., 314, see Annotation 74 A. L. R., 138, citing *Hancock v. Davis,* 179 N. C., 282, 102 S. E., 269, and *Kornegay v. Price,* 178 N. C., 441, 100 S. E., 883.

The character of the possession of Cicero Guion and Buddy Guion is not presented for determination on this record.

The judgment of the court below is

Affirmed.