ARSHAG O. SARKISSIAN *v.* VERKINE SARKISSIAN

[No. 1289, September Term, 1975.]

*Decided July 29, 1976.*

The cause was argued before THOMPSON, MOORE and LOWE, JJ., and CHARLES E. ORTH, JR., Associate Judge of the Court of Appeals, specially assigned.

*Thomas A. Lohm* for appellant.

No brief or appearance for appellee.

ORTH, J., delivered the opinion of the Court.

The ultimate issue in this case is whether the Circuit Court for Montgomery County, sitting in the exercise of its ordinary chancery jurisdiction,[1] erred in sustaining, without leave to amend, the demurrer of Verkine Sarkissian (Wife), defendant below and appellee on appeal, to the amended bill of complaint filed by Arshag O. Sarkissian (Husband), plaintiff below and appellant on appeal.

---

1. The Court of Appeals has recognized the difference between a circuit court sitting in the exercise of its ordinary chancery jurisdiction and sitting as a divorce court. Jones v. Jones, 259 Md. 336, 343-344 (1970). For the practical effects of this difference see Kapneck v. Kapneck, 31 Md. App. 410 (1976).

According to the amended bill of complaint filed by Husband on 22 April 1975, he and Wife, both adults at the time the action was instituted on 31 December 1974, were married on 15 February 1966 in Erivan, Armenia. No children were born of the marriage. They resided in a single family residence, owned by Husband, located at 3702 Woodbine Street, Chevy Chase, Montgomery County, Maryland. Wife took certain personal property of Husband and refused to return it. She committed an unprovoked assault on Husband's sister-in-law and "on divers times . . . attacked [Husband] without justification." She placed an ax in her bedroom on 30 December 1974, and the next day Husband filed a bill of complaint seeking to have her enjoined from assaulting him, from taking his personal property, and from damaging his personal and real property. She removed the ax upon being served with the bill of complaint. The bill further alleged that "for many years past the conduct of [Wife] has been such as to endanger the limb and health of [Husband] so that it is unsafe and intolerable for [him] to reside in the same residence with [her]; that [he] is reluctant to vacate the residence for he feels that [Wife] would, in his absence, destroy the premises." The bill concluded: "That the conduct of [Wife] will continue and be detrimental to the health and comfort of [Husband] and will cause irreparable damage to both the mental and physical health of [Husband] unless she is ordered by this Court to vacate the premises." Husband requested that "[Wife] may be ordered by *ex parte* Injunction, Interlocutory Injunction and Final Injunction to vacate the premises . . . and she be enjoined from trespassing upon the real property of [Husband]."

An order for Wife to show cause "why she should not be restrained from assaulting [Husband] and from taking the personal property of [Husband] and from damaging the personal and real property of [Husband]" was issued upon the amended bill of complaint on 23 April 1975. On 25 April Husband filed a line requesting the Clerk to countermand the order of 23 April. On 28 April a new order was issued for Wife to "show cause, if any she has, why she should not be

restrained from trespassing upon the real property of [Husband] situate at 3720 Woodbine Street . . . ." On 6 June Wife demurred to the amended bill of complaint. There was a hearing on the demurrer on 31 October. On 1 December the chancellor issued an order sustaining the demurrer without leave to amend.[2]

In the posture of the case, it is apparent that the ultimate issue whether the court below was correct in sustaining the demurrer [3] involves three questions, the second and third of which are contingent upon the answer to the question immediately preceding it:

1) May a wife be a trespasser [4] as to the marital residence? [5]

2) If a wife may be a trespasser as to the marital residence, were the facts set out in the amended bill of complaint legally sufficient to establish that she was a trespasser?

3) If a wife may be a trespasser as to the marital residence, and if the facts in the amended bill of complaint were legally sufficient to establish that she was a trespasser, did the Circuit Court for Montgomery County, sitting in exercise of its ordinary chancery jurisdiction, have authority to enjoin her from trespassing on the property?

It may be that the sole question presented by Husband — "Is

---

**2.** The court announced its ruling on 31 October 1975 upon the conclusion of the hearing. Husband noted an appeal on 25 November. On 1 December the court issued a written order. On 9 December Husband withdrew the appeal noted on 25 November and noted an appeal from the order of 1 December.

**3.** "When the propriety of an order sustaining a demurrer to a declaration without leave to amend is considered by an appellate court, it is required to assume, for the purposes of the ruling, the truth of all material and relevant facts that are well pleaded as well as all inferences which can be reasonably drawn from those well pleaded facts." Kight v. Bowman, 25 Md. App. 225, 227 (1975).

**4.** "A trespasser is one who intentially and without consent or privilege enters another's property." Bramble v. Thompson, 264 Md. 518, 522 (1972).

**5.** In the light of the show cause order of 28 April 1975, it is clear that Husband sought only to enjoin Wife from trespassing upon the matrimonial domicile, 3720 Woodbine Street. He had manifestly abandoned other relief previously sought when he asked that the order of 23 April be countermanded.

a husband entitled to injunctive relief to remove his wife from the marital residence they have shared together in order to protect his property and his health and comfort?" — could encompass the three questions, but unfortunately the material points involved in them were not presented and argued below and were not briefed and argued on appeal.[6] At the hearing below on the demurrer, Husband's counsel simply told the court he had no legal or equitable authority "to support the position that I have set forth in this request for injunctive relief." Counsel for Wife submitted without argument and the Court sustained the demurrer without leave to amend.[7] Husband's argument in his brief consists of two pages, one of which is largely taken up by iterating the facts alleged in the amended bill of complaint. Husband claims, citing *Fernandez v. Fernandez*, 214 Md. 519 (1957), that the Court of Appeals "has established Maryland law to be that a wife may not sue her husband at law unless a Statute specifically authorizes her to do so." He adds, without reference to authority: "This rule precludes a husband from suing a wife at law. Therefore, neither the action of trespass nor ejectment will lie." He gives as a further reason that ejectment will not lie, that "it is an action to try the right of possession to land, and in this instance (Husband) is in possession." He concludes that Husband "has no remedy whatsoever at law." He cites *Blumenthal v. Monumental Security Storage, Inc.*, 271 Md. 298 (1974) in which the Court said, at 302: "Wholly apart from any limitation on the bringing of an action at law, it has long been recognized that either a husband or wife can sue the other in equity for the protection of his or her

---

6. Wife did not file a brief and did not appear at oral argument.

7. The chancellor said:

"This is a novel approach, Mr. Lohm [Thomas A. Lohm, Esq., counsel for Husband]. I really don't know how you can go around and enjoin somebody from assaulting you, number one, or enjoining or evicting them, in effect, from property by injunction. There are ways to get people out of property. There is unlawful entry detainer, ejectment, there are five or six ways. The Court of Appeals has said many times those are the only ways you can get people out of property. So I just don't see any legal basis, as you apparently concede, and, consequently, the demurrer will be sustained and without leave to amend."

property." [8] Husband ends his argument by observing that "[s]ome authority is found for [his] claimed relief in 21 A.L.R. 745 which cites the principal case of *Ireland v. Ireland*, 244 Pa. 489, 90 A. 911, relative to the right of a wife to exclude her husband from the possession, use and enjoyment of the family residence or homestead owned by her."

We assume for the purpose of decision that Husband had no adequate remedy at law, that he could not maintain an action in ejectment against her and that he could not maintain a tort action against her during coverture. See *Blumenthal* at 301. But it does not necessarily follow that because either spouse may sue the other in equity to protect his or her property, Husband was entitled to have an equity court ban her from the marital residence. To entitle Husband to that relief, the answer to each of the three questions we posed above must be in the affirmative. Husband does not address himself to them. See Maryland Rule 1031, § c. The argument presented by Husband provides no adequate reason to reverse the judgment of the court below. We find no persuasive authority in *Ireland v. Ireland, supra,* or in the Annotation in 21 A.L.R. 745 for the relief Husband seeks. We see a material distinction between a wife excluding her husband from possession of real property she owns, and a husband excluding a wife from the marital residence which ordinarily he is obliged to provide and she is obliged to accept. See *Hoffhines v. Hoffhines*, 146 Md. 350, 357-360 (1924).

We may decline to hear or consider oral argument on any legal proposition or question of fact not presented in the briefs. Md. Rule 1046, § f. We have no desire to usurp a party's right or to diminish his obligation to prepare and present his case on appellate review. We shall not do so here.[9] We consider Husband's argument only as he presents

---

**8.** Husband points out that Wife has no interest in real property owned by Husband, not even by way of estates of dower or curtesy, as they have been abolished. Estates and Trusts Art., § 3-202, formerly Code, Art. 93, § 3-202.

**9.** See, however, Samuels, *The Matrimonial Injunction*, 125 New L. J. 365 (1975); Denyer, *Excluding the Husband from the Matrimonial Home*, 123

it. It gives no authority sufficient to show that he was entitled to the injunction sought. Assuming the truth of the factual allegations in the amended bill of complaint, we find that it did not state a cause of action.[10] The order of 1 December 1975 is affirmed.

*Judgment affirmed; costs to be paid by appellant.*

---

New L. J. 655 (1973); Glendon, *Matrimonial Property: A Comparative Study of Law and Social Change,* 49 Tulane L. R. 21 (1974); Karowe, *Marital Property: A New Look at Old Inequities,* 39 Albany L.R. 52 (1974); 27 Am. Jur. *Husband and Wife,* § 600 (1940); Kelley v. Kelley, 51 R. I. 173, 153 A. 314 (1931); Stone v. Guion, 223 N. C. 831, 28 S.E.2d 510 (1944); 41 C.J.S. *Husband and Wife,* § 41 (1944).

**10.** At the hearing below, counsel for Husband conceded that Husband's fears expressed almost a year before had not been realized. The transcript reads:

"MR. LOHM: . . . . I will only, and I will be very brief, just review for a moment what we have set forth here, that my client owns this real estate, he is married to the lady, Mrs. Sarkissian, and he has made certain allegations about what she has done and his fear for himself, and —

THE COURT: Which fears have not been realized as yet?

MR. LOHM: No, they have not, and hopefully they won't be, but that is the only thing I can say, and on the basis of that I have asked for injunctive relief . . . ."