JOHN E. SKVARLA III, ET AL. v. FRANCES WILLIAMS PARK

No. 8210SC808

(Filed 7 June 1983)

**Easements § 11— appurtenant easement—no extinguishment by abandonment or adverse possession**

 In a declaratory judgment action brought by plaintiffs to determine whether they had a right to use an easement across defendant's property wherein the parties stipulated that a 1908 deed created an appurtenant easement in favor of plaintiffs' property across the rear of defendant's property, and wherein plaintiffs introduced a 1950 agreement between their predecessor in title and defendant's predecessor in title that a fence maintained across the easement would not affect the easement, defendant's evidence was insufficient to show that plaintiffs' easement was abandoned by their predecessor in title where it showed only that a fence had been maintained across the easement by the owner of the servient property since 1912 and that the easement had not been used in 70 years. Furthermore, defendant's evidence was insufficient to show that the easement was extinguished by adverse possession by the owner of the servient property since defendant failed to show any unequivocal act to put the owner of the easement on notice of an adverse claim, and since the 1950 agreement between the previous owners showed unequivocally that the use was permissive.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 9 March 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 18 May 1983.

Plaintiffs brought this declaratory judgment action to determine whether they had the right to use an easement across defendant's property.

The parties stipulated to the following facts. On 16 April 1908, Joseph J. Bernard, the owner of lots at 1405 and 1407 Hillsborough Street, conveyed the 1405 Hillsborough Street lot to C. B. Williams. The deed contained the following sentence: "It is understood and agreed that an alleyway in the rear of said property, ten feet in width and opening upon Park Avenue, shall be kept open for the mutual use and benefit of the parties hereto, their heirs and assigns." The easement was across the rear of the 1405 Hillsborough Street lot, now owned by defendant, the daughter of C. B. Williams.

Plaintiffs purchased the 1407 Hillsborough Street lot on 29 April 1980 from Clancy and Theys Construction Company. Plain-

tiffs introduced into evidence a notarized agreement between Madge Bernard (Joseph J. Bernard's widow, and the owner of 1407 Hillsborough Street at that time) and Margaret Williams (defendant's mother, the widow of C. B. Williams, and owner of 1405 Hillsborough Street at that time), which was executed in June 1950. It provided, in part:

> That whereas, the parties hereto are owners of adjoining tracts of land. . . .
>
> And whereas, the said Joseph J. Bernard and wife Ella M. Bernard in the said deed to C. B. Williams, reserved an alleyway, ten feet in width, and opening on Park Avenue across the land deeded and conveyed to said C. B. Williams;
>
> And whereas, there is now erected across the entrance to said alleyway and in the line between the said Bernard property and the said Williams property, a wire fence;
>
> And whereas, all of the said parties agree that it would be for their mutual benefit and interest to maintain this fence, but that it is not their desire nor intention that the erection and maintenance of this fence is to forfeit the right of easement established in the above mentioned deed;
>
> NOW, THEREFORE, said party of the first part . . . and said party of the second part . . . do hereby mutually agree that said fence may remain in the position where now erected without prejudice to or without affecting the easement heretofore established and marked out in the aforesaid deed. And the fact that the said fence is allowed to remain standing is not to be construed as meaning that the party of the second part may not be entitled to have said fence removed when needed. . . .

This document, which was signed and notarized, was not recorded until 1975.

At trial, defendant based her defense on the theory that plaintiffs' easement was abandoned by their predecessor in title, Madge Bernard. Defendant testified that she lived at 1405 Hillsborough Street since 1909. She said there had been a fence completely separating the 1405 and 1407 properties since 1912, and at no time, since 1912, had there been an alley across the

back ten feet of the 1405 Hillsborough Street property. Defendant had posted signs on her property, about 15 years ago, which said "No Trespassing" and "No Parking." Defendant's nine other witnesses testified that the fence had been there for a long time, and, as far as they knew, the easement had never been used by the 1407 Hillsborough Street property.

At the close of defendant's evidence the trial court granted plaintiffs' motion for a directed verdict and made the following pertinent findings of fact and conclusions of law:

4. That contained in the deed from Joseph J. Bernard and wife, Ella M. Bernard, conveying the lot at 1405 Hillsborough Street to C. B. Williams was the following language:

"It is understood and agreed that an alleyway in the rear of said property, ten feet in width and opening upon Park Avenue, shall be kept open for the mutual use and benefit of the parties hereto, their heirs and assigns."

5. That the alleyway, ten feet wide, is located adjacent to the rear or southern boundary of the Defendant's property at 1405 Hillsborough Street.

6. That there is currently a fence dividing the property line between the lots at 1405 and 1407 Hillsborough Street. That in 1950, the then owners of the lots at 1405 and 1407 Hillsborough Street entered into an agreement recorded in the Wake County Register of Deeds, Deed Book 2352, Page 465, which provided, in part, "it would be for their mutual benefit and interest to maintain this fence, but it is not their desire nor intention that the erection and maintenance of this fence is to forfeit the right of easement established in the above-mentioned deed." The above-mentioned deed is the deed from Joseph J. Bernard and wife, Ella M. Bernard conveying the lot at 1405 Hillsborough Street to C. B. Williams recorded in the office of the Register of Deeds of Wake County, North Carolina in Deed Book 229, Page 288.

7. That the Defendant has offered no evidence of an intention by the owners of the lot at 1407 Hillsborough Street to abandon the easement across the lot at 1405 Hillsborough Street.

8. That the Defendant has offered no evidence of an external act by which the owners of the lot at 1407 Hillsborough Street have expressed their intention to abandon the easement across the lot at 1405 Hillsborough Street.

9. That the Defendant has offered no evidence of the concurrence of the intention to abandon the easement across the lot at 1405 Hillsborough Street by the owners of the lot at 1407 Hillsborough Street with an actual relinquishment of the easement across the lot at 1405 Hillsborough Street by the owners of the lot at 1407 Hillsborough Street.

. . .

CONCLUSIONS OF LAW

. . .

5. Contained in the above-described deed of Joseph J. Bernard and wife conveying the lot at 1405 Hillsborough Street to C. B. Williams was the following language:

> "It is understood and agreed that an alleyway in the rear of said property, ten feet in width and opening upon Park Avenue, shall be kept open for the mutual use and benefit of the parties hereto, their heirs and assigns."

This language created an easement appurtenant across the lot at 1405 Hillsborough Street in favor of the lot at 1407 Hillsborough Street.

6. This appurtenant easement across the lot at 1405 Hillsborough Street is an alleyway, ten feet wide, adjacent to the rear or southern boundary of the property.

7. The Defendant bore the burden of proof with respect to her affirmative defenses. Defendant's evidence, even when considered true and in the light most favorable to her, is insufficient as a matter of law to have her affirmative defenses presented to the jury.

8. The Plaintiffs, having moved for directed verdict at the close of the Defendant's evidence, are entitled to a directed verdict in their favor in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. Directed Verdict in favor of the Plaintiffs is entered, pursuant to Rule 50(a) of the North Carolina Rules of Civil Procedure.

2. The Plaintiffs, as the fee simple owners of the lot at 1407 Hillsborough Street, are entitled to use the easement appurtenant across the rear of the lot at 1405 Hillsborough Street, ten feet in width, and located adjacent to the rear or southern boundary of the property.

*Skvarla, Wyrick and From, by Robert A. Ponton, Jr., for plaintiff appellees.*

*Kirby, Wallace, Creech, Sarda and Zaytoun, by William A. Creech and David F. Kirby, for defendant appellant.*

VAUGHN, Chief Judge.

Since the parties have stipulated that the deed from the Bernards to C. B. Williams created an appurtenant easement in favor of 1407 Hillsborough Street, the sole issue is whether defendant presented sufficient evidence to support her affirmative defense, that the easement was extinguished, to withstand plaintiffs' motion for a directed verdict. Defendant contends the easement was extinguished by abandonment. As the party claiming the easement was abandoned, defendant has the burden of proof to establish the abandonment. *Raleigh, Charlotte and Southern Railway v. McGuire*, 171 N.C. 277, 88 S.E. 337 (1916). Therefore, plaintiffs' motion for directed verdict was properly granted if the evidence, considered in the light most favorable to defendant, and with all conflicts in the evidence resolved in defendant's favor, is insufficient to justify a verdict for defendant as a matter of law. *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979). An appurtenant easement is an incorporeal right attached to the land; it is incapable of existence apart from the dominant estate, and it passes with the transfer of title to the land. *Yount v. Lowe*, 288 N.C. 90, 215 S.E. 2d 563 (1975); *Shingleton v. State*, 260 N.C. 451, 133 S.E. 2d 183 (1963); Hetrick, Webster's Real Estate Law in North Carolina § 303 *et seq.* (1981). An easement may be abandoned by unequivocal acts showing a clear intention to abandon

and terminate the easement; the intent to abandon is the material question. *Combs v. Brickhouse*, 201 N.C. 366, 160 S.E. 355 (1931). The essential acts of abandonment are the intent to abandon and the unequivocal external act by the owner of the dominant tenement by which the intention is carried to effect. *Miller v. Teer*, 220 N.C. 605, 18 S.E. 2d 173 (1942). Mere lapse of time in asserting one's claim to an easement, unaccompanied by acts and conduct inconsistent with one's rights, does not constitute waiver or abandonment of the easement. *Ward v. Sunset Beach and Twin Lakes, Inc.*, 53 N.C. App. 59, 279 S.E. 2d 889 (1981). Defendant contends that the evidence, viewed in the light most favorable to herself, tends to show that plaintiffs' predecessor in title abandoned the easement. We do not agree. Although the evidence tends to show that the easement had not been used in seventy years, there is not a shred of evidence to indicate that the easement was abandoned. There is absolutely no evidence of any external unequivocal act by plaintiffs, or their predecessors in title, indicating an intent to abandon the easement. The fence, because it was erected by the owner of the servient tenement, was not evidence of abandonment. Moreover, the agreement between Bernard and Williams explicitly stated "that it is not their desire nor intention that the erection and maintenance of this fence is to forfeit the right of easement. . . ." Since neither party introduced any evidence of abandonment, the trial court did not err by granting plaintiffs' motion for directed verdict on the issue of abandonment.

Defendant's second assignment of error is that the trial court erred by failing to submit the issue of adverse possession to the jury. At the outset, we note the following exchange that took place at the close of the evidence:

Mr. Creech: Your Honor, defendant would move—would renew the motion we made at the conclusion of plaintiff's evidence, for motion under Rule 50 for a directed verdict. We at this time would like to renew that motion.

Court: All right sir, now we will come to the plaintiffs' motion—*there is only one question in this lawsuit as I understand it gentlemen, and that is whether the plaintiff has abandoned its right of easement across 1405.*

Mr. Ponton: We agree with that, your Honor. (Emphasis added.)

Defendant failed to object or indicate in any way that she wanted the trial court to also consider the issue of adverse possession. If she felt that there was evidence to support an issue of adverse possession she should have made it known to the trial judge as required by Rule 46(b) of the North Carolina Rules of Civil Procedure. In any event, the assignment of error must be overruled because there is no evidence to establish the elements of adverse possession. Title may be acquired by adverse possession only if the possession is actual, open, notorious, exclusive, continuous, hostile, for the statutory period, and with intent to claim title to the land occupied. *Wilson County Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970); *Mizzell v. Ewell,* 27 N.C. App. 507, 219 S.E. 2d 513 (1975). An easement may be extinguished by adverse use by the owner of the servient property for the prescriptive period. *Duke Power Co. v. Toms,* 118 F. 2d 443 (4th Cir. 1941); Hetrick, Webster's Real Estate Law in North Carolina § 338 (1981). Possession is presumed permissive until it is proved that the occupant intended to claim against the true owner. *Gibson v. Dudley,* 233 N.C. 255, 63 S.E. 2d 630 (1951). The possession must be "evidenced by such unequivocal acts as will put the true owner on notice of the claim." *Clendenin v. Clendenin,* 181 N.C. 465, 467, 107 S.E. 458, 459 (1921). In this case, however, defendant has failed to show any unequivocal act which put plaintiffs' predecessor on notice of her claim. On the contrary, the agreement between the previous owners of the lots shows, unequivocally, that the use was permissive. The use may have become adverse when plaintiffs bought the property in 1980 and requested defendant to remove the fence, but that falls far short of the required twenty years' statutory period.

For the reasons stated, the judgment is

Affirmed.

Judges HILL and BECTON concur.