GEORGE A. McFADYEN, II AND WIFE, CAREY O. McFADYEN v. JODY OLIVE AND OLIVE FARMS, INC.

No. 8711SC828

(Filed 5 April 1988)

1. **Easements § 5.3— easement by implication—path as sole means of access— necessity for easement—extinguishment of easement—jury question**
    The trial court erred in entering summary judgment for plaintiffs on defendants' counterclaim for an easement by implication where genuine issues of fact existed as to whether a pathway across plaintiffs' land had been used as the sole access to a house on defendants' property, whether the claimed easement was necessary to the use and enjoyment of defendants' land, and whether the easement was extinguished by plaintiffs' adverse use of the property for a twenty-year period.

2. **Easements § 7.1— customs affecting land—no exclusion by hearsay rule**
    Reputation as to customs affecting land is not excluded by the hearsay rule, and testimony about customs affecting lands is not limited to the lifetime of the witness.

APPEAL by defendants from *Allen (J. B., Jr.), Judge*. Judgment entered 8 June 1987 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 February 1988.

Plaintiff George A. McFadyen owns a 92-acre farm near Smithfield, North Carolina. McFadyen purchased the farm in 1971

from his father, who had purchased it in 1959. Defendant Olive Farms, Inc. owns a 41-acre tract adjoining McFadyen's property. In the 1960's or 1970's, defendant's tract was planted with pines. In order to plant the trees, defendants gained access to the property by going across lands owned by Wilton Pace. At that time, another means of access to the 41-acre tract was available to defendants through a 36-acre tract which was owned by Richard Olive, Jody Olive's father. Richard Olive later sold the 36-acre tract.

In addition to the timber, there was a house on the 42-acre Olive tract but it had not been occupied since the mid-1950's. McFadyen testified at his deposition that since 1966, no path through the McFadyen farm to the Olive tract existed.

In the spring of 1986, Jody Olive told McFadyen that he wanted to cross McFadyen's land in order to cut timber on the Olive tract. McFadyen requested that Olive notify him when he was going through and required that Olive "fix the road" when he finished. This was not satisfactory to Olive, and McFadyen had the sheriff's office serve Olive with a letter advising him that any entry other than by an agreed upon temporary route would be unauthorized.

On 13 October 1986, Jody Olive crossed McFadyen's land with trucks, trailers and logging equipment. McFadyen filed this action against Jody Olive alleging trespass and damage to his soybean crop.

Jody Olive moved to have Olive Farms, Inc. added as a party since the corporation owned the 42-acre tract which Jody Olive was attempting to reach when he crossed McFadyen's property. Olive Farms, Inc. filed a motion to intervene and attached a proposed counterclaim in which it set up claims of easement by implication and easement by prescription. On 10 March 1987, a consent order was entered transferring the matter to superior court, adding Olive Farms, Inc. as a party and allowing it to intervene. The order also added Carey O. McFadyen as an additional party plaintiff. Plaintiffs moved to dismiss the counterclaim and filed a reply to the counterclaim denying the existence of an easement. Plaintiffs thereafter moved for summary judgment on defendants' counterclaim, and the trial court granted their motion. From the judgment of the trial court, defendants appeal.

*W. Richard Moore for plaintiff appellees.*

*Narron, O'Hale, Whittington and Woodruff, by James W. Narron; and Wilkins and Wellons, by Charles P. Wilkins, for defendant appellants.*

ARNOLD, Judge.

[1] Defendants' sole contention is that the trial court erred in granting plaintiffs' motion for summary judgment. Defendants argue that there is a genuine issue of material fact as to the existence of an easement implied from prior use across the McFadyen property. We agree.

> An easement implied from prior use is generally established by proof: (1) that there was common ownership of the dominant and servient parcels and a transfer which separates that ownership; (2) that, before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent; and (3) that the claimed easement is "necessary" to the use and enjoyment of the claimant's land.

*Knott v. Washington Hous. Auth.,* 70 N.C. App. 95, 98, 318 S.E. 2d 861, 863 (1984).

In the case *sub judice,* defendants have presented sufficient evidence of the above three requirements to raise an issue of fact regarding the existence of an easement implied from prior use. First, defendants have shown that there was common ownership of the Olive and McFadyen tracts. Both tracts were owned at one time by M. C. Smith and the transfer separating ownership occurred in 1906.

Second, defendants have presented enough evidence to raise an issue of fact concerning the existence and use of the alleged pathway at the time of the 1906 transfer. In their affidavits before the court, Luther Puckett and Bertha Green stated that the reputation of the house on the Olive tract is that it had been there prior to 1900 and that no other pathway other than the one crossing McFadyen's property provided access to the house.

[2] Reputation as to customs affecting land is not excluded by the hearsay rule. G.S. 8C-1, Rule 803(20); *Broyhill v. Coppage,* 79

N.C. App. 221, 339 S.E. 2d 32 (1986). Testimony about customs affecting lands is not limited to the lifetime of the witness. *Id.* The affidavits of Luther Puckett and Bertha Green contain competent evidence sufficient to raise a question of fact whether a pathway on the McFadyen tract was used in 1906 for the benefit of the Olive tract and whether that use was apparent, continuous and permanent.

Defendants have also presented proof of the third requirement in that they have shown the claimed easement is necessary to the use and enjoyment of their land since they have no other access to a public road. Accordingly, a genuine issue of material fact exists with respect to the existence of the easement.

Even if a trier of fact finds that an easement implied from prior use existed at one time, it also must determine whether the easement was extinguished by adverse possession. An easement may be extinguished by adverse use by the owner of the servient property for the twenty-year prescriptive period. *Skvarla v. Park*, 62 N.C. App. 482, 303 S.E. 2d 354 (1983).

In his deposition, George McFadyen testified that there had been no pathway across his property to the Olive tract since 1966. However, the affidavits of Luther Puckett, Richard Olive, Bertha Green and Jimmy Barbour conflict with McFadyen's testimony. Thus, an additional issue of fact remains regarding the termination of the alleged easement.

The trial court erred in granting plaintiffs' motion for summary judgment on defendants' counterclaim since genuine issues of material fact exist.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.